UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

ALLSTATE INSURANCE COMPANY,
        Plaintiff,

v.                                                                                                      C.A. No. 11-015 ML

MARTA GRELOCH and LUCYNA
BANACHOWSKA,
        Defendants.

## MEMORANDUM AND ORDER

Plaintiff Allstate Insurance Company ("Allstate") has filed a declaratory judgment action against Defendants Marta Greloch ("Greloch") and Lucyna Banachowska ("Banachowska") seeking a declaration from this Court concerning its rights and obligations pursuant to a homeowner's insurance policy issued to Banachowska. Specifically, Allstate petitions this Court for a judgment finding that Allstate does not have a duty to defend or indemnify Greloch in a state court action. Banachowska has filed a counterclaim against Allstate seeking a declaratory judgment from the Court declaring that Allstate has a duty to defend and indemnify Banachowska and Greloch. The matter is before the Court on cross-motions for summary judgement. For the reasons stated, Allstate's motion for summary judgment is granted and Banachowska's motion is denied.

### I. Standard of Review – Summary Judgment

Summary judgment is appropriate only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R.

Civ. P. 56(a). An issue is "genuine" if the pertinent evidence is such that a rational factfinder could resolve the issue in favor of either party, and a fact is "material" if it "has the capacity to sway the outcome of the litigation under the applicable law." National Amusements, Inc. v. Town of Dedham, 43 F.3d 731, 735 (1st Cir. 1995).

The moving party bears the initial burden of showing the Court that no genuine issue of material fact exists. Id. The Court views all facts and draws all reasonable inferences in the light most favorable to the nonmoving party. Continental Casualty Co. v. Canadian Universal Insurance Co., 924 F.2d 370 (1st Cir. 1991). The legal standard for summary judgment is not changed when parties file cross motions for summary judgment. Adria International Group, Inc. v. Ferre Development, Inc., 241 F.3d 103 (1st Cir. 2001). "The court must rule on each party's motion on an individual and separate basis, determining, for each side, whether a judgment may be entered in accordance with the Rule 56 standard." Bienkowski v. Northeastern University, 285 F.3d 138, 140 (1st Cir. 2002) (internal quotation marks and citation omitted). Fed. R. Civ. P. 56 "requires the parties to submit admissible evidence in supporting and opposing motions for summary judgment." Feliciano v. Rhode Island, 160 F.3d 780, 787 (1st Cir. 1998).

## II. Background

A minor child, by and through his natural guardians, Christopher and Anna Chimielinski, and Christopher and Anna Chimielinski individually, have filed a state court action against Greloch and her husband Jacek. In the complaint, the Chimielinskis allege that on or about December 11, 2005, the Grelochs received permission from the Chimielinskis to take the child to a house located in Rockland, Massachusetts. Specifically, the complaint alleges that "while in the driveway of the . . . [Rockland] house, and while attempting to enter a vehicle owned by . . .

Jacek Greloch, . . . Marta Greloch released the hand of the minor child allowing him to wander into the street . . . wherein he was struck by a car." Allstate's Statement of Undisputed Facts, Exhibit 1 at ¶ 8. The Chimielinskis contend that as a result of being struck by the car, the child sustained serious permanent injuries.

On or about July 16, 2005, Allstate issued a homeowner's insurance policy naming Banachowska, the mother of Greloch, as the named insured and real property located in Pawtucket, Rhode Island as the insured property. That policy was in effect on the day the child was struck by the automobile. The "Family Liability and Guest Medical Protection, Coverage X, Family Liability Protection" section of the policy provides that "Allstate will pay damages which an insured person becomes legally obligated to pay because of bodily injury or property damage arising from an occurrence to which this policy applies. . . ." Allstate Statement of Undisputed Facts at ¶ 8. The term "insured person" includes any relative of the named insured who is a resident of the household.[1]

The Allstate insurance policy includes a section titled "Losses We Do Not Cover Under Coverage X[.]" Id. at ¶ 12. Paragraph five of that section provides that Allstate does "not cover bodily injury or property damage arising out of the ownership, maintenance, use, occupancy, renting, loaning, entrusting, loading or unloading of any motor vehicle. . . " ("automobile exception"). Allstate Statement of Undisputed Facts at ¶ 12. In addition to paragraph five, paragraph seven of that section states that Allstate does

> not cover bodily injury or property damage arising out of:

---

[1] For purposes of the disposition of the cross-motions for summary judgment only, Allstate assumes arguendo that Greloch is an "insured person" under the homeowner's policy.

    a) the negligent supervision by an insured person of any person; or
    b) any liability statutorily imposed on any insured person

    arising out of the ownership, maintenance, use, occupancy, renting, loaning,
    entrusting, loading or unloading of any . . . motor vehicle . . . which is not covered
    under Section II[2] of this policy.

Id.

### III. Analysis

Allstate argues that this Court must apply the pleadings test to determine whether Allstate has a duty to defend Greloch. Greloch, however, contends that, in deciding whether a duty to defend exists, the Court should ignore the pleadings test and consider the deposition testimony of Greloch's husband and brother-in-law. Greloch contends that the deposition testimony supports the premise that the child was not injured when the child was entering or attempting to enter the Greloch vehicle or when the Greloch vehicle was in use, thus coverage for the injuries is not excluded under the insurance policy.

In Rhode Island, in general, the duty to defend an insured is determined by applying the pleadings test. American Commerce Insurance Co. v. Porto, 811 A.2d 1185 (R.I. 2002).

> That test requires the trial court to look at the allegations contained in the complaint, and if the pleadings recite facts bringing the injury complained of within the coverage of the insurance policy, the insurer must defend irrespective of the insured's ultimate liability to the plaintiff. That duty, when blindly applied, may . . . result in the defense of groundless, false or fraudulent suits, but the insurer is duty bound nonetheless.

Id. at 1191 (internal quotation marks and citation omitted); see also Flori v. Allstate Insurance Co., 120 R.I. 511, 388 A.2d 25 (1978). The duty to defend "is ascertained by laying the tort

---

[2] Section II of the policy, "Family Liability and Guest Medical Protection, Coverage X, Family Liability Protection" lists 16 exclusions. Allstate Motion for Summary Judgment Exhibit 3 at 25-27.

4

complaint alongside the policy, if the allegations in the complaint fall within the risk insured against in the policy, the insurer is . . . duty-bound to provide a defense for the insured . . . ." Employers' Fire Insurance Company v. Beals, 103 R.I. 623, 631, 240 A.2d 397, 402 (1968). Further, "a reasonableness requirement is implicit in the pleadings test" to defeat attempts to "'plead to coverage' by characterizing a claim as something other than what is described in the complaint's factual allegations." Narragansett Jewelry Co., Inc. v. St. Paul Fire and Marine Insurance Co., 526 F. Supp. 2d 245, 248, 249 (D.R.I. 2007), aff'd, 555 F.3d 38 (1st Cir. 2009).

Generally, "a duty to defend arises when the complaint in the underlying tort action contains facts sufficient to bring the case within or <u>potentially</u> within the coverage of the policy, regardless of whether the plaintiffs in the tort action will prevail on the merits." Hingham Mutual Fire Insurance Co. v. Heroux, 549 A.2d 265, 266 (R.I. 1988) (emphasis added). If the allegations, however, fall outside the policy coverage, the insurer has no duty to defend. Craven v. Metropolitan Property and Casualty Insurance Co., 693 A.2d 1022 (R.I. 1997). The pleadings test "determines an insurer's duty to defend even if the known facts conflict with the facts alleged in the third-party complaint." Flori, 120 R.I. at 514, 388 A.2d at 26. Any doubts concerning the adequacy of the pleadings to encompass an occurrence within the scope of the policy must be resolved in favor of the insured. Allstate Insurance Co. v. Russo, 641 A.2d 1304 (R.I. 1994).

An "exclusion from coverage in a homeowner's insurance policy must be clear and unambiguous." Porto, 811 A.2d at 1192. Rhode Island courts do not "deviate from a policy's literal language unless [a court] conclude[s] it is ambiguous." Id. In reviewing policy language, a court views a policy in its entirety giving terms their "plain, ordinary and usual meaning." Id. Courts concentrate on what an "ordinary reader of the policy would have understood the policy's

5

terms to mean if he or she had read them." Id. Although a court should not engage in "mental or verbal gymnastics" to "hurdle" the plain meaning of policy language, if the terms of the policy are subject to more than one reasonable interpretation, the policy will be construed in favor of the insured. Id. at 1193. Exclusionary clauses in insurance contracts are strictly interpreted. Ricci v. United States Fidelity & Guaranty Co., 110 R.I. 68, 290 A.2d 408 (1972) (citing Mazzilli v. Accident & Casualty Insurance Co. of Winterthur, 170 A.2d 800 (N.J. 1961)). In Rhode Island, the duty to defend is broader than a duty to indemnify. Beals, 103 R.I. 623, 240 A.2d 397.

This Court's analysis in determining whether Allstate has a duty to defend is governed by the pleadings test. That test limits this Court's review to the factual allegations contained in the underlying state court complaint. Greloch's invitation to look outside the complaint runs contrary to controlling authority. "Facts made known before the action is tried or <u>during the process of litigation</u> do not alter" the pleadings test. Thomas v. American Universal Insurance Co., 80 R.I. 129, 134, 93 A.2d 309, 312 (1952) (emphasis added); see also Flori, 120 R.I. at 514, 388 A.2d at 26 (the pleadings test "determines an insurer's duty to defend even if the known facts conflict with the facts alleged in the third-party complaint").[3]

The complaint alleges that "while in the driveway" of the Rockland location "and while attempting to enter a vehicle owned by . . . Jacek Greloch . . . Marta Greloch released the hand of

---

[3] The Court recognizes, however, that in a recent decision this Court looked beyond the allegations contained in a complaint in determining whether an insurance company had a duty to defend. See Scottsdale Insurance Co. v. Bitgood, C.A. No. 10-430 ML (D.R.I. Sept. 6, 2011). Scottsdale, however, was on a different footing than this matter. The complaint in Scottsdale was devoid of *any* factual allegations. See id. Thus, this court was forced to look beyond the complaint to avoid permitting the pleading "strategies, whims, and vagaries of third party claimants to control the rights of parties to an insurance contract[,]" Winnacunnet Cooperative School District v. National Union Fire Insurance Co. of Pittsburgh PA, 84 F.3d 32, 35-36 (1st Cir. 1996) (internal quotation marks and citation omitted), and to ensure a degree of "reasonableness." See generally Narragansett Jewelry Co. Inc., 526 F. Supp. 2d at 248.

the minor child allowing him to <u>wander into the street</u> . . . wherein he was <u>struck by a car</u>." Allstate's Statement of Undisputed Facts Exhibit 1 ¶ 8 (emphasis added). The policy does not cover "bodily injury or property damage arising out of the ownership, maintenance, <u>use</u>, occupancy, renting, loaning, entrusting, loading or unloading of <u>any</u> motor vehicle . . . ." Allstate Statement of Undisputed Facts at ¶ 12 (emphasis added).

The phrase "'arising out of' within policy language is generally considered to mean 'flowing from' or 'having its origin in,' thereby indicating that there only need be a causal connection, rather than a proximate causal connection." Porto, 811 A.2d at 1185 (internal quotation marks and citation omitted). The phrase "arising out of the ownership, maintenance, use, occupancy, renting, loaning, entrusting, loading or unloading of any motor vehicle" is not ambiguous. See <u>Allstate Insurance Co. v. Naii</u>, 684 F. Supp. 2d 1220, 1229 (D. Haw. 2010) (finding Allstate policy language "arising out of the ownership, operation, maintenance, use, occupancy, renting, loaning, entrusting, loading, or unloading of any . . . vehicle . . . " was not ambiguous); see also <u>Hartford Fire Insurance Co. v. Rhode Island Public Transit Authority</u>, CA 98-094 ML, 1999 U.S. Dist. Lexis 21099 (D.R.I. March 31, 1999) (insurance contract excluding claims "arising out of the ownership, maintenance [or] use . . . of any . . . auto . . ." was not ambiguous), <u>aff'd</u>, 215 F.3d 1311 (1st Cir. 2000) (unpublished table decision); <u>Standard Mutual Insurance Co. v. Baily</u>, 868 F.2d 893 (7th Cir. 1989) (finding policy language "arising out of the ownership, maintenance, use, loading, or unloading of . . . a motor vehicle. . . " was not ambiguous).

As noted above, the complaint alleges that Greloch "released the hand of the . . . child allowing him to <u>wander into the street</u> . . . wherein he was <u>struck by a car</u>." Allstate's Statement

7

of Undisputed Facts Exhibit 1 ¶ 8 (emphasis added). Further, the complaint also alleges that "as a result of being struck by the car" the child was "severely injured." Id. at ¶ 9. Thus, the complaint alleges that the vehicle was the instrumentality of the injuries to the child. That allegation clearly states a nexus between the vehicle and the alleged injuries. See generally Porto, 811 A.2d 1185.

The policy makes clear that there is no insurance coverage for personal injuries sustained as a result of the "use" of *any* vehicle. Being "struck" by a vehicle involves the "use" of that vehicle. Naai, 684 F. Supp. 2d 1220 (vehicle hitting children was in "use"); Cleaver v. Big Arm Bar & Grill, Inc., 502 S.E.2d 438, 441 (W.Va. 1998) (the term "use" is "widely recognized to mean more than driving or being driven in a motor vehicle") (internal quotation marks and citation omitted); Bernard v. Nationwide Mutual Fire Insurance Co., 426 S.E.2d 29, 31 (Ga. Ct. App. 1992) ("use" of automobile includes when it is being "utilized"). The exclusion "expressly and unambiguously applies to bodily injury or property damage arising from the operation or use of any motor vehicle." Naii, 684 F. Supp. 2d at 1230. The language in paragraph five excludes coverage for the child's injuries because the child is alleged to have been injured as a result of the use of a motor vehicle.

## IV. Conclusion

The Court concludes that Allstate does not have a duty to defend or indemnify Greloch in connection with the underlying state court action arising out of the incident on December 11, 2005. For the reasons stated, Allstate's motion for summary judgment is granted and

8

Banachowska's motion for summary judgment is denied. The clerk is directed to enter judgment in favor of Allstate.

SO ORDERED.

/s/ Mary M. Lisi
Mary M. Lisi
Chief United States District Judge
September 14, 2011.